GISH v. ST. JOSEPH LOAN AND TRUST COMPANY,
TRUSTEE.

[No. 9,126. Filed June 27, 1916. Rehearing denied December 20,
1916. Transfer denied January 18, 1918.]

1. APPEAL.—*Waiver of Error.—Overruling Demurrer.*—Error
assigned on the overruling of a demurrer to a special reply is
waived by failing to set out the demurrer or its substance and in
failing to consider the question in the briefs. p. 502.

2.  APPEAL.—*Presenting Questions for Review.—Special Findings.— Motions to Strike Out.*—Rulings on motions to strike out parts of a special finding of facts, and to make the findings more specific, are not recognized by the Indiana practice as means of presenting reversible error, and error assigned on such rulings present no question for review on appeal.   p. 502.

3.   TRIAL.—*Exceptions to Conclusions of Law.—Effect.*—By excepting to the trial court's conclusions of law, appellant concedes that the facts within the issue are fully and correctly found.   p. 505.

4.  APPEAL. — *Review. — Evidence. — Sufficiency. — Inferences.* — Although the facts proved might lead to different conclusions, but the trial court has drawn certain inferences reasonably deducible from the evidence, this court will not reverse the judgment for insufficiency of the evidence to prove the facts so inferred.   p. 507.

5.  DEEDS.—*Constructive Fraud.—Confidential Relationship.—Burden of Proof.—Presumptions.*—Where a father entrusted the transaction of his business to his son, and the latter, by reason of his education and business ability and the father's age, illiteracy and declining strength, occupied the superior position and obtained a substantial advantage through conveyances and leases from the father, there was a presumption of fraud, and the son could not retain the advantage obtained unless he showed that he dealt fairly, honestly, gave full and accurate information, took no advantage of his confidential relation, and that his father freely and voluntarily entered into and carried out the transaction.   p. 507.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Action by Christian P. Gish against John L. Gish. On the death of the former, the St. Joseph Loan & Trust Company, trustee under his will, was substituted as plaintiff. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Hickey & Wolfe* and *Graham & Crane,* for appellant.

*Osborn, McVey & Osborn* and *Anderson, Parker, Crabill & Crumpacker,* for appellee.

FELT, J.—Christian P. Gish, the father of appellant, brought this action against the latter to set

aside certain deeds and leases upon the ground that they were procured by fraud.

Christian P. Gish died before the trial, and by order of court appellee, trustee under the will of said decedent, was substituted as plaintiff. The action was commenced in the St. Joseph Circuit Court and was venued to the Laporte Circuit Court, where the case was tried by the court. Upon request a special finding of facts was made on which the trial court stated its conclusions of law. Appellant excepted to each of such conclusions and also to the overruling of his motion for a new trial. Judgment was rendered for appellee in accordance with the prayer of the complaint.

1.    The first error on the overruling of the demurrer to the special reply is waived by failing to set out the demurrer or its substance, and in failing to consider the question in the briefs.

2.    Several of the assignments of error present no question for review. Some of them are grounds for a new trial only and cannot properly be assigned as independent error. Some allege the overruling of motions to strike out parts of the special finding of facts, and to make the findings more specific. The rulings on these and similar motions are not recognized by our practice as means of presenting reversible error. *Delaney* v. *Gubbins* (1913), 181 Ind. 188, 195, 104 N. E. 13; *Meridian Life, etc., Co.* v. *Eaton* (1907), 41 Ind. App. 118, 121, 81 N. E. 667, 82 N. E. 480; *Gaslight, etc., Co.* v. *City of New Albany* (1901), 158 Ind. 268, 273, 63 N. E. 458; *Gates* v. *Baltimore, etc., R. Co.* (1899), 154 Ind. 338, 343, 56 N. E. 722.

The errors properly assigned and not waived are error in each of the first and second conclusions of

law, on the amended special finding of facts, respectively, and overruling the motion for a new trial.

The substance of the complaint is accurately stated by appellant in his brief, as follows: "That on the 17th day of August, 1905, plaintiff was the owner of certain real estate in the city of South Bend, St. Joseph county, Indiana, on which there were certain improvements; that Christian P. Gish was past the age of 85 years, and was in feeble health, and that appellant had gained control by reason of confidential relations existing between them, and had fraudulently and without consideration, induced Christian P. Gish to execute deeds, leases and assignments of leases mentioned in the complaint, and asks for the cancellation of same."

The complaint further shows that appellant was the only son of the deceased, was a practicing physician and a shrewd business man of learning and ability; that his father believed him to be honest, and relied upon and confided in him in the transaction of his business; that he had gained complete mastery over his father; that decedent had two daughters, a grandchild, whose father was dead, and a childless second wife; that appellant designed to obtain all of his father's property and, in pursuance of such design, fraudulently on various occasions and pretexts prepared papers for decedent's signature, falsely representing that such papers were necessary to enable appellant to carry out some matter pertaining to his father's business, which he was then transacting; that in further pursuance of said fraudulent design and purpose appellant did prepare, in his own handwriting, two warranty deeds for property which had an annual rental of $5,000, conveying such property from decedent to appellant; also two

ninety-nine year leases for the same property, at a yearly rental of one dollar each; that each of said papers was prepared by appellant with the fraudulent intent and purpose of securing decedent's signature thereto, at such time or times as appellant should find favorable opportunity; that decedent was illiterate, and at the times in question could not read script or write his name without great difficulty, all of which facts were fully known to appellant; that at different times while appellant was acting as the representative and advisor of decedent, and transacting all of his business, he presented said deeds and leases to decedent and demanded and obtained his signature thereto upon the fraudulent pretext and representation that the same were papers necessary for decedent to sign to permit appellant to carry out and perform the business affairs of decedent entrusted to him; that decedent signed the same fully believing that they were of the character so represented by appellant and without any knowledge of their true character, and for no other purpose whatever; that decedent received no consideration whatever for the execution of either of said deeds or leases; that appellant withheld such instruments from record, and thereafter continued to advise and direct decedent in the management of his property, made no claim thereto, and did not by word or conduct on his part give decedent any intimation that he claimed any title or interest thereto; that decedent continued to receive the rents and profits of said property until he went temporarily to California in 1909, when he authorized appellant to collect the same, and he has since continued to do so. That said instruments were so procured from 1905 to 1908, but were not recorded until February, 1913; that decedent learned

for the first time of the existence and nature of said instruments shortly after they were recorded; that he thereupon demanded of appellant a return of his property and a cancellation of said instruments, all of which was refused by appellant, and thereupon decedent instituted this suit.

Appellant's second and third assignments of error challenge the correctness of each of the conclusions of law. The only point made against such conclusions in appellant's brief is that "the plaintiff did not restore, or offer to restore, anything which he received from the defendant, in consideration of the execution of the deeds, and there was no attempt to place the parties in statu quo."

By excepting to the conclusions of law appellant concedes that the facts within the issues are fully and correctly found. The court expressly finds that each of the deeds was procured by fraud and "without consideration." Having received no consideration, there was nothing to return. *Woods* v. *Shearer* (1914), 56 Ind. App. 650, 105 N. E. 917; *Colson* v. *Smith* (1857), 9 Ind. 8, 13.

Under the assignment that the court erred in overruling appellant's motion for a new trial, the question of the sufficiency of the evidence to sustain the decision of the court is discussed.

Appellant contends that there is no evidence tending to prove fraud; that there is no presumption of fraud, and the burden was on appellee to prove the same. The evidence is long, very complicated, and to some extent contradictory. The examination of Christian P. Gish was taken before his death and used as evidence. Among other things, it shows that he was eighty-five years of age, and owned valuable property, on which he collected the rents himself

until he went to California in 1909; that after that time his son, appellant, collected them; that he had a savings account in which his son told him he was placing his money, and he did not know his son claimed the money until the suit was begun; that he had never been able to read writing, except something very plain in large letters; that for several years before his death his son transacted most of his business, and he had full confidence in him; that his son read over to him papers which he said were necessary to be signed by him in the transaction of his business; that he never signed any deed or other paper that he knew or understood conveyed or leased his property to appellant, and never at any time had any intention to give or convey to him all his property; that he never assigned certain rental leases to appellant; that appellant might have gotten him to sign something and told him what it was and it was not what he represented it to be; that appellant never talked to him about a deed for the Sibley property, or told him that such a deed had been made, and did not treat him in a professional way.

There is evidence tending to show that all the deeds and leases were in appellant's own handwriting; that when they were acknowledged appellant told the notary the papers had been read by his father and he wanted to acknowledge his signature; that the instruments were not read by or to the decedent in the presence of the notary; that appellant used a considerable amount of money collected from rentals and drew money from his father's savings account and used it himself; that the deeds and leases so executed as aforesaid covered all of decedent's property.

On the subject of the consideration, there were cer-

tain notes purporting to be payable to appellant by his father, but there was evidence tending to show that they were not genuine; that during the lifetime of a deceased son, Christian P. Gish had signed his name to certain notes in blank to be used by such son in certain business transactions; that after the death of this son some of such notes so signed in blank came into the possession of appellant and were thereafter filled in without the knowledge or consent of the decedent, and were the notes on which appellant based his claim, in part, at least to a consideration moving from him to his father.

In general it may be asserted that there is evidence strongly tending to prove every material allegation of the complaint. Some of it is contradictory and some circumstantial, but in view of the law applicable to the case, we cannot say that there is a total failure of proof as to any material fact.

Where the facts proved might lead to different conclusions and the trial court has drawn certain inferences reasonably deducible from the evidence, 4. this court will not reverse the judgment for insufficiency of the evidence to prove the facts so inferred. *Bronnenburg* v. *Indiana Union Traction Co.* (1915), 59 Ind. App. 495, 109 N. E. 784; *Johnson* v. *Allispaugh* (1914), 58 Ind. App. 83, 107 N. E. 686; *Western Union Tel. Co.* v. *Louisville, etc., R. Co.* (1915), 183 Ind. 258, 108 N. E. 951.

The facts of this case conclusively show the relation of father and son, and that the father entrusted the transaction of his business to appellant, 5. his son, and imposed in him absolute confidence for many years prior to the time he learned of his claim to his property. The evidence is sufficient also to show the relation of principal and

agent. In this confidential relation, the son, by reason of his education, strength and business ability, and the age, illiteracy and declining strength of his father, occupied the superior position, and in the transactions in controversy the son obtained a substantial advantage. That he obtained such advantage is not questioned, for on his own theory, if the deeds and leases are sustained, he will secure all his father's property for an inadequate consideration. The court found—and there is evidence to sustain the finding—that there was no consideration for the alleged execution of the instruments by which appellant claims such property.

Where such confidential relation exists, and it appears that the party occupying the superior position has dealt with the one to whom he owes a duty, arising out of such relation, and has gained a substantial advantage thereby, the burden is on the one who holds such superior position to prove that he acted in perfect good faith, gave to the other party full and accurate information possessed by him, took no advantage of his knowledge, or of his influence over the other party, and that the transaction involved was fair, well understood and voluntarily carried out by the person to whom he owed such duty. *Teegarden* v. *Ristine* (1914), 57 Ind. App. 158, 164, 106 N. E. 641, and cases cited.

The facts of this case are such as to invoke the doctrine of constructive fraud. Where such confidential relation is shown, and it also appears that in dealings between the parties sustaining such relation the dominant party has gained a substantial advantage, fraud is presumed, and the party occupying the superior position will not be permitted to retain the advantage so obtained unless he shows by satisfac-

tory proof that he dealt fairly, honestly, gave full and accurate information, took no advantage of his confidential relation, and that the other party freely and voluntarily entered into and carried out the transaction. *Keys* v. *McDowell* (1913), 54 Ind. App. 263, 100 N. E. 385; *Gorham* v. *Gorham* (1913), 54 Ind. App. 408, 413, 414, 103 N. E. 16; *Slayback* v. *Witt* (1898), 151 Ind. 376, 385, 50 N. E. 389.

In the case at bar the question does not turn upon the mere relation of parent and child, as in many instances. Here the facts show an agency and an active and persistent effort to gain an advantage by an abuse of the confidence placed in the son, the agent by the father, the principal.

The evidence sustains the decision and the judgment is not contrary to law. No reversible error is shown.

Judgment affirmed.

Note.—Reported in 113 N. E. 394. Presumption and burden of proof of undue influence in case of conveyance *inter vivos* by parent to child, 17 Ann. Cas. 989, Ann. Cas. 1915D 711, 1918B 457.