## WIGGAM *v.* RHODES' ESTATE.

[No. 14,138.   Filed May 29, 1931.]

*William H. Faust, Irene Faust* and *Louis A. Weiland,* for appellant.

*Leo M. Rappaport* and *Albrecht R. C. Kipp,* for appellee.

BRIDWELL, P. J.—On August 2, 1929, appellant filed his claim against the estate of John M. Rhodes, in the office of the clerk of the probate court of Marion County, which claim so asserted was, omitting the formal parts, as follows: "Balance due for milk supplied decedent during the years 1918, 1919, 1920, 1921, 1922 and 1923 as per statements rendered decedent—$545.18." This claim was submitted to the court for trial, and there was a finding and judgment in favor of the estate and against appellant claimant for costs. Motion for a new trial was filed and overruled, to which action appellant duly excepted, and, from the judgment rendered, this appeal is prosecuted.

The error assigned and relied upon for reversal is the overruling of appellant's motion for a new trial, and appellant's contention is that the evidence introduced at the trial of the cause in support of his claim is undisputed and proves a state of facts that entitles him to recover, and that, therefore, the decision of the court is not sustained by sufficient evidence.

It is true that, where the facts are without dispute and the evidence in the record is all one way, its effect becomes a matter of law, and this court will weigh it, even in favor of the right of an appellant to recover. *Field* v. *Campbell* (1904), 164 Ind. 389, 72 N. E. 260, 108 Am. St. 301; *First Nat. Bank* v. *Farmers, etc., Bank* (1908), 171 Ind. 323, 86 N. E. 417.

This case was tried in the court below on the theory that the decedent was indebted to appellant on an "account stated." No evidence was offered to justify a recovery upon any other theory, and, while the claim

filed did not on its face purport to be for an account stated, we will consider the sufficiency of the evidence to justify a recovery by appellant on that theory, it having been adopted by the parties in the trial court and on appeal.

An account stated is an agreement between parties who have had previous transactions of a monetary character that all the items of the account representing such transactions, and the balance struck, are correct, together with a promise, express or implied, for the payment of such balance. 1 C. J. §249; *United States, etc., Ins. Co.* v. *Bath* (1912), 49 Ind. App. 277, 97 N. E. 195; *McDowell* v. *North, Admr.* (1899), 24 Ind. App. 435, 55 N. E. 789.

Appellant relies on the testimony of two witnesses to establish his claim, and their testimony constitutes the entire evidence in the case.

We deem it unnecessary to set out a resume of the evidence, but it is sufficient to state that we have carefully considered such evidence, and have weighed the testimony of each witness as given on both direct and cross-examination. After so doing, we cannot say that the evidence was of such probative force as to necessitate a decision different from that reached by the trial court. Unless it clearly appears that but one conclusion can be reached from the facts proved, the judgment of the trial court will not be set aside where we are called upon to weigh the evidence and determine its sufficiency, as in this case.

Judgment affirmed.