WILSON, ADMINISTRATRIX *v.* ROLLINGS ET AL.

[No. 27,072. Filed May 17, 1938.]

*Hamilton & Hamilton,* for appellant.

*Thomas Gallagher,* for appellees.

SHAKE, J.—This was an action against the appellee Rollings, as principal, and the appellee Maryland Casualty Company, as surety, on a bond given by Rollings as night marshal of the town of West Terre Haute, Ind., pursuant to §48-201 Burns' Ann. St. 1933, (§11350 Baldwin's 1934). The complaint alleged that Rollings, while in the discharge of his official duties, intentionally, and without cause, justification, or reason, shot the appellant's decedent, causing his death. There were separate answers in general denial, and the trial resulted in a judgment in favor of the appellees (defendants). The only error assigned and presented relates to the overruling of appellant's motion for a new trial. It is asserted that the court erred in directing a verdict for the appellees and that the verdict is not sustained by sufficient evidence and is contrary to law.

At the conclusion of the plaintiff's evidence both parties requested directed verdicts and neither asked

to withdraw the request. These motions had the effect of withdrawing the case from the jury and submitting it to the court for determination. *Goings* v. *Davis* (1924), 82 Ind. App. 231, 141 N. E. 473, 143 N. E. 174; *Cooper* v. *Cooper* (1935), 100 Ind. App. 252, 193 N. E. 722. Since the court then gave a peremptory instruction for the defendants, instead of discharging the jury and deciding the case, the verdict of the jury returned pursuant to directions has the effect of a decision by the court. *Continental Casualty Co.* v. *Klinge* (1924), 82 Ind. App. 277, 144 N. E. 246; *Connersville Hydraulic Co.* v. *City of Connersville* (1932), 95 Ind. App. 234, 173 N. E. 641. Under this state of the record the sufficiency of the evidence to sustain the judgment is to be considered as though the cause were tried by the court and a finding made without the intervention of a jury. The rule that only the evidence most favorable to the adverse party will be considered can have no application. There was consequently no error in directing a verdict.

This leaves only the question of whether the verdict of the jury, returned pursuant to the trial court's direction, is sustained by sufficient evidence or is contrary to law. It is the theory of the appellant that this is an action for damages for an unlawful killing; that since the cause was at issue on a general denial, and no special answer of self-defense or *son assault demesne* was made by appellees, the evidence stands uncontroverted, and she was entitled to a judgment. This contention can not prevail. The action was on the bond, and sounded in contract; the complaint alleged an intentional or willful killing, and the appellees made no claim of self-defense or of *son assault demesne*. The decision of the court on the merits was against the appellant, as plaintiff, who had the burden of establishing all the material allegations of her complaint.

A verdict or decision against a plaintiff who has the burden of proof does not rest upon the quantum of evidence, hence it may not be asserted that such a disposition of the cause is not sustained by sufficient evidence, though it may be contrary to law. In other words, a negative verdict or decision may not be attacked upon the ground that there is a lack of evidence to sustain it. If an unsuccessful litigant feels that the finding against him rests upon an insufficiency of proof, he should assign in his motion for a new trial that the verdict or decision (as the case may be) is "not sustained by sufficient evidence;" if he feels that the evidence entitled him to relief, which was denied him by the verdict or decision, he may assert that it is "contrary to law." (Section 2-2401, Cl. 6, Burns 1933, §368 Baldwin's 1934.)

This court will not weigh the evidence unless it is all one way and but one conclusion could be reached from the facts proved, and that conclusion is adverse to the decision of the trial court. *Wiggam* v. *Rhodes' Estate* (1931), 92 Ind. App. 491, 176 N. E. 250. The fact that all of the evidence was offered at the trial by or on behalf of one of the parties is of no significance in determining its weight, since the probative value of proof can not be affected by any such consideration. There is ample evidence in the record from which the trial court was justified in concluding that the appellant had not established the allegations of her complaint to the effect that the killing of her decedent was willful. For that reason alone we can not disturb the judgment. The record does not present any question on the sufficiency of the complaint and we express no opinion on that subject.

Judgment affirmed.