COLE *v.* SHEEHAN CONSTRUCTION COMPANY.

[No. 27,967.    Filed March 2, 1944.]

*Henry J. Richardson, Jr.,* of Indianapolis, for appellant.

*William E. Hart* and *Edward J. Boleman,* both of Indianapolis (*White, Wright & Boleman,* of Indianapolis, of counsel), for appellee.

SHAKE, J.—The appellant filed a Form 10 application with the Industrial Board of Indiana, claiming Workman's Compensation from the appellee. The hearing member denied compensation and on review by the full board that body reached the same result, one member dissenting. The Appellate Court reversed the award and remanded the cause for further proceedings. We granted the appellee's petition to transfer and heard oral argument.

The application for compensation alleged: (1) That Willie Cole met his death as the proximate result of personal injuries received by him by reason of an accident arising out of and in the course of his employment by the appellee and that his average earnings at the time of injury were in excess of $30 per week; and (2) that the appellant was the surviving wife of said decedent and wholly dependent upon him for support.

The allegations designated (1) above were stipulated

before the board and found by it to be true; as to (2), the finding of the full board recites:

"The full Industrial Board, by a majority of its members, now further finds that the plaintiff herein, Anna Mae King Cole, alleged common law wife of the decedent, Willie Cole, did not live with said decedent at the time of his death and was not wholly or partially dependent on said plaintiff's decedent, Willie Cole, for her maintenance and support at the time of his death."

Section 38 of the Workmen's Compensation Act of 1929 (§ 40-1403, Burns' 1940 Replacement, § 16414, Baldwin's 1934), provides that a wife shall be conclusively presumed to be wholly dependent for support upon her deceased husband employee with whom she was living at the time of his death, or upon whom the laws of the State imposed the obligation of her support at such time; and that in all other cases, questions of total dependency shall be determined in accordance with the fact, as the fact was at the time of death.

In *Jelicic* v. *Vermillion Coal Co.* (1924), 81 Ind. App. 675, 678, 144 N. E. 38, 39, Batman, J., speaking for the Appellate Court, said:

"Under the law as it has existed since 1919, three classes of widows of deceased employees are entitled to receive compensation, as dependents, where facts are found showing liability, viz: (1) Those living with their husbands at the time of their deaths; (2) Those not living with their husbands at the time of their deaths, but dependent upon them for support; (3) Those not living with their husbands at the time of their deaths, and not dependent upon them for support, but who nevertheless were entitled to support from their husbands at the time of their deaths by virtue of the laws of the state . . . . If a widow falls within either said first or third class, she is conclusively presumed to be wholly dependent upon her deceased husband

for support, but if she falls within said second class, there is no such presumption, and hence the question of dependency must be determined in accordance with the fact, as the fact may be at the time of such death, . . . .

"Whether a wife is living with her husband at the time of his death involves a conclusion of fact, but whether the laws of the state impose an obligation on him to support her at such time involves a conclusion of law, as its determination requires an application of abstract principles of law to the facts as they are found to exist. . . ."

It was further held in *Welch* v. *Welch Aircraft Industries, Inc.* (1941), 108 Ind. App. 545, 550, 29 N. E. (2d) 323, 326, transfer denied by this court, that "it is incumbent upon one seeking the benefit of the presumption (of dependency) to show by competent evidence that the conditions of the statute which give rise to the presumption existed at the time of the decedent's death." And this court concluded in *Russell* v. *Johnson* (1943), 220 Ind. 649, 46 N. E. (2d) 218, that the adulterous relationship existing between a man and woman, living together in the relation of husband and wife, did not necessarily preclude her from recovering compensation benefits as his actual dependent.

Applying the statute as it has been interpreted, we conclude that it was necessary for the appellant to prove either: (a) That she was the wife of the decedent and that she was living with him at the time of his death; (b) that she was the wife of the decedent at the time of his death and, though not living with him at such time, she was, nevertheless, entitled to support from him by virtue of the laws of this State, or (c) that she was actually dependent upon the decedent at the time of his death, without regard to whether she was his wife or was living with him at

such time. If the appellant and the decedent were married and if, under the facts, the law of the State imposed upon him the obligation of her support, she was entitled to compensation though they were not living together and she was not actually dependent upon him at the time of his death. As already pointed out, the Industrial Board found that the appellant was not living with the decedent at the time of his death and that she was not dependent upon him for support; but it did not find whether the appellant and decedent were husband and wife, nor did it find facts disclosing whether he was under any legal obligation to support her.

The appellee says that the failure of the full board to find that the appellant was married to the decedent and that he was under a legal obligation to support her, must be treated as findings against the appellant on those issues since the burden of establishing them was upon her. This does not necessarily follow. The statute imposes on the full board the obligation to make and file a finding of facts upon which an award is based. § 40-1511, Burns' 1940 Replacement, § 16436, Baldwin's 1934. There is no such thing as a motion for a new trial in a compensation proceeding, but "an assignment of errors (in the Appellate Court) that the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts." § 40-1512, Burns' 1940 Replacement, § 16437, Baldwin's 1934. Under the civil practice the failure of the trial court to find facts established by the evidence, and which should have been found, may be challenged by a motion for a new trial on the ground that the findings are contrary to law. 2 Watson's Works

Practice, § 1599. But under the compensation law such an error is presented by assigning that the award is contrary to law and by an appropriate proposition based thereon in the appellant's brief. When no such proposition is stated the reviewing court will treat the failure of the board to find an essential fact as tantamount to a finding against the party having the burden of proof. *Chicago, etc., R. Co.* v. *Kaufman* (1922), 78 Ind. App. 474, 133 N. E. 399.

While the appellant's brief is not a model, we think it is sufficient to present the proposition that on the evidence, she was entitled to a finding upon the issues of her marriage to the decedent and that he was obligated to support her. On this state of the record it would be improper to assume that those issues were found against the appellant.

The Appellate Court found that the undisputed evidence produced by the appellant established that she and the decedent were husband and wife and they were living apart at the time of his death for their own convenience. The court concluded that, as a consequence, the appellant was entitled to compensation. *Cole* v. *Sheehan Construction Co.* (1943), 51 N. E. (2d) 391. It is immaterial which party produced the evidence and it does not necessarily follow that there was no conflict in the evidence merely because the testimony was undisputed. A conflict may arise out of the testimony of a single witness, though it is not disputed by any other testimony. *McKee* v. *Mutual Life Ins. Co.* (1943), *ante* p. 10, 51 N. E. (2d) 474. Since the full board made no finding as to some of the material issues the problem presented is not that of determining whether there is some evidence tending to support an award. We think, therefore, that it was an invasion of the province of the full board for the Appel-

late Court to undertake to find the ultimate facts in the first instance. The statute does not contemplate that the functions of the Industrial Board may be assumed by the courts. The better practice would appear to be to remand the proceeding to the board with directions for it to discharge its statutory duty by finding the essential facts, and by entering an award based thereon. When that has been done any party feeling aggrieved may have a judicial review according to the established practice. This was the conclusion of the Supreme Court of Rhode Island in the case of *Dodge* v. *Barstow Stove Co.* (1917), 40 R. I. 191, 100 A. 245, under a statute similar to ours, except that in that state the facts in compensation cases are determined by certain courts, insead of by an administrative agency. In the above case it was said:

> "The petitioner was entitled to such 'findings of fact' as would clearly show in what respects under the evidence he had failed to sustain the burden of proof resting upon him, so that if he saw fit to appeal therefrom and to bring up the transcript of testimony and rulings it would plainly appear to this court upon what grounds the action of the justice of the Superior Court in entering the decree was based. In no other way would it be possible for this court to review the decree intelligently and to determine whether the decree should be affirmed, reversed or modified, . . ."

The judgment of the Appellate Court is therefore reversed with instructions to remand this proceeding to the Industrial Board of Indiana with specific directions for that body to determine whether or not the appellant and the decedent, Willie Cole, were husband and wife and, if so, whether he, under the facts to be found by the board, was obligated for her support at the time of his death by virtue of the laws of this

State, and to make a finding or findings and enter an award accordingly.

NOTE.—Reported in 53 N. E. (2d) 172.