HAYNES v. BROWN ET AL.

[No. 17,848. Filed November 28, 1949. Rehearing denied January 13, 1950. Transfer denied March 22, 1950.]

186

*DeWitt Chappell*, of Evansville; *Fenton, Steers, Beasley & Klee;* and *James C. Jay,* all of Indianapolis, for appellant.

*Frank H. Hatfield, Edward E. Meyer, Isadore J. Fine, Joe S. Hatfield* and *Charles H. Sparrenberger,* all of Evansville, for appellees.

DRAPER, J.—The appellant brought this action against the appellees to compel the specific performance of an alleged oral contract for the sale of all the capital stock of the B. & R. Realty Corporation, and three city lots in the city of Evansville. At the close of appellant's case the trial court made a general finding in favor of the appellees, who offered no evidence.

The corporation owned lots one to five in a certain block, and the appellee, Alvin R. Brown, owned or controlled all the stock. He also had title to lots six, seven and eight in the same block, so that in practical effect the contract was one for the conveyance of lots one to eight, inclusive.

The appellant's case is based primarily on the first paragraph of his second amended complaint. The situation presented by that paragraph, and the evidence adduced in support thereof, is the one most favorable to appellant, and so, in the light of the conclusion we have reached, we confine ourselves to a discussion thereof.

The theory of appellant's case is that the parties made a complete oral agreement for the sale of the three lots and the corporate stock, it being further understood and agreed that the terms of the oral agreement should be later reduced to writing. He brings this action to enforce the oral contract, and contends the evidence discloses a written memorandum sufficient to satisfy the statute of frauds.

The appellant's witnesses testified, in substance, that the appellant and Alvin Brown had been negotiating relative to the subject matter of the sale for more than six months, and in December of 1945, the parties met with their attorneys in the office of Mr. Fine, attorney for the appellees; that the details of the transaction were there discussed and agreed upon item by item as they went along, and Mr. Fine and Mr. Waller, attorney for the appellant, made notes. A stenographer was then called in and the items were dictated to her in the presence of Haynes and Brown. Mr. Haynes testified that everything had been decided on; that they made a complete verbal agreement; and after the dictation both he and Haynes told Mr. Fine that everything in the contract was agreeable with them. The

time for the delivery of abstracts of title was further agreed upon.

Mr. Haynes further testified that the contracts as later reduced to writing conformed to the oral agreement as made, and that Mr. Fine was to mail the contracts to Mr. Waller. Mr. Waller testified the contract was transcribed in accordance with the dictation. He further testified that Mr. Fine was to mail him the contracts as dictated.

A few days later Mr. Waller received three unsigned copies of the contract, attached to a letter of transmittal as follows: (letterhead omitted)

"December 7, 1945

"Mr. Richard Waller
Attorney-at-law
Citizens National Bank Building
Evansville, Indiana

"Dear Dick:

"I am enclosing herewith original and three copies of the proposed contract between Alvin R. Brown and wife, and J. L. Haynes, for consideration of yourself and client. If this contract is satisfactory, kindly have three copies executed so that there will be one available for each party and one for the escrow agent.

"Very truly yours,
"s/ Isadore J. Fine
"s/ M. M.

"ijf/m
"Encs."

Haynes signed the copies and they were returned to Mr. Fine. They were retained but never signed by the appellees. It was also testified that Mr. Fine never denied his signature to the letter and never denied sending the contracts to Mr. Waller.

In the view we take of the case, we are not called upon to decide whether Mr. Fine's letter and the attached unsigned copies of the contract together constituted a written memorandum sufficient to satisfy the statute of frauds. The appellant, who was plaintiff below and had the burden of proof, is confronted here with a finding against him. We are thus not only denied the right to weigh the evidence— we are also without authority to reverse unless the evidence, as construed most favorably to the appellees, entitled the appellant to relief. *Pearson Co., Inc.* v. *Cohen et al.* (1949), 118 Ind. App. 699, 83 N. E. 2d 433, and cases therein cited.

The fact that all of the evidence at the trial was offered by the appellant is of no significance in determining its weight. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905. The trier of the facts is not required to believe the testimony of every witness. *Soucie* v. *State* (1941), 218 Ind. 215, 31 N. E. 2d 1018. On the other hand the trial court may not refuse to consider and weigh competent, uncontradicted evidence. *Egbert* v. *Egbert* (1948), 226 Ind. 346, 80 N. E. 2d 104. Among the factors entitled to consideration in determining the credibility of witnesses and the weight to be given their testimony, are the interest of the witness, if any, in the outcome of the trial; his bias and prejudice, if any are shown; his opportunity for knowing and recollecting the facts about which he testifies; the probability or improbability of his testimony; and his demeanor while on the witness stand. *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474. And even though an item of evidence is not expressly or directly denied or refuted, it does not necessarily stand as uncontradicted evidence, for the trier may disregard or disbelieve oral evidence if it is considered

unreasonable or inconsistent with facts and circumstances shown by the other credible evidence in the case. *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116.

Nor does a lack of contradiction or dispute in the evidence of itself make us the finders of the facts or justify us in substituting our judgment for that of the trial court. We can only do that when the evidence is all one way, and but one conclusion could be reached from the facts proved, *Wiggam* v. *Rhodes' Estate* (1931), 92 Ind. App. 491, 176 N. E. 250; *Wilson, Admx.* v. *Rollings, supra; Pearson Co., Inc.* v. *Cohen et al., supra;* for uncontradicted evidence will sometimes support conflicting inferences, and when that is the case, the inferences drawn by the trier of the facts will prevail. *Gish* v. *St. Joseph Loan, etc., Co.* (1918), 66 Ind. App. 500, 113 N. E. 394; *Wiggam* v. *Rhodes' Estate, supra; Williams* v. *Bent* (1949), 119 Ind. App. 374, 87 N. E. 2d 883; see also *Clayton* v. *Universal Construction Co.* (1942), 110 Ind. App. 322, 38 N. E. 2d 887, and *Cole* v. *Sheehan Construction Company* (1944), 222 Ind. 274, 53 N. E. 2d 172.

It is true there is testimony that everything was verbally agreed upon and that the parties made a complete oral agreement, and it is true that such a transaction is not uncommon and in such a case the contract will date from the time of the making of the oral agreement. *Avery* v. *Citizens Loan & Trust Co., Admr.* (1932), 94 Ind. App. 161, 180 N. E. 23. But we think that from all the facts and circumstances as they were revealed to the trial court, it could logically and reasonably have been inferred that the parties did not intend that the contract should be binding upon them until it had been reduced to writing and executed by the parties. There is no direct testimony that such was not the case. The complexities of the

transaction, which need not be detailed, were such that in our opinion a preliminary conference was absolutely necessary. It is an essential prerequisite to the making of a written contract as complicated as this one was, that the parties first understand and agree upon its terms and conditions. Considering all of the evidence, including the contemplated purchase price, which was something in excess of $65,000, and the great care exercised by the parties in having their tax consultant and their lawyers present and in having the exact items of their agreement taken down, it seems to us the court could reasonably infer that neither was intending a contract resting in parol. In fact, the evidence itself presents a direct conflict as to that. Mr. Fine's reference to the papers as a "proposed contract"; the fact that the contract was forwarded for the "consideration" of Mr. Haynes and his attorney; and the implication that the appellees were expected to sign the contract as written only "if this contract is satisfactory," would all tend to support that inference.

Mr. Cammack, a tax consultant who represented both parties, and who was present all during the discussion, referred to the transaction as a "proposed purchase and sale," and the evidence further reveals that after the first of the year 1946 Mr. Haynes saw Mr. Brown in the latter's office and asked whether Brown was going to sell him the property. Such a question was entirely inconsistent with the idea that Brown had already done so. It is true that Mr. Haynes' question, and the testimony of Mr. Cammack, would not necessarily have had the significance we think it could have had; but whether it did or not was a question for the trial court to determine.

Considering, as we are, a general finding unaided by special findings of fact, we are unable to say that the evidence as construed most favorably to the appel-

lees entitled the appellant to relief which was denied him. The decision was, therefore, not contrary to law.

Following the filing of appellant's second amended complaint, and before appellees filed their answer, the appellees filed an unorthodox pleading addressed to the second amended complaint. This was quite naturally followed by a pleading of the same kind filed by the appellant and another by the appellees. The appellant asserts error in adverse rulings involving those pleadings.

It would serve no good purpose to set those pleadings out. They are, so far as we are advised, wholly unknown and foreign to our practice. That skirmishing was followed by the closing of issues in a proper manner, and the trial of the case. We think no error could be predicated on those rulings, but if it could, it was waived by going to trial on the issues joined.

Judgment affirmed.

NOTE.—Reported in 88 N. E. 2d 795.