JONES ET AL. *v.* FIRST NATIONAL BANK, ADMINISTRATOR
GROSS ESTATE

[No. 667A16. Filed August 20, 1968. No Petition for Rehearing filed.]

*George Bowser, Widaman, Bowser, Widaman & Reed,* of Warsaw, and *Reed & Hearn,* of Syracuse, for appellants.

*Byron C. Kennedy, Richard W. Sand* and *Herbert H. Bent,* of Warsaw, for appellee.

COOPER, J.—This is an appeal from a negative judgment entered against the Appellants in the Kosciusko Circuit Court. The record shows that the Appellants filed a claim in three paragraphs against the estate of one Charles Gross, deceased, in which they sought to impress a constructive trust on the proceeds of said estate, alleging that one half of said estate should be held for the benefit of the next of kin of Frankie Gross, the deceased wife of Charles Gross.

The claimants alleged that Charles Gross and Frankie Gross, husband and wife, had entered into an oral agreement that each would make a will bequeathing and devising all of his property to the other, and that each would contribute one half of the cost to the acquisition of additional property thereafter until the death of one of them. The claimants further alleged that the parties had agreed that the survivor at his death would bequeath and devise one half of his estate to his next of kin on a representative basis, and one half of his estate to the next of kin of the other on a representative basis. The claimants further alleged that Frankie and Charles

Gross performed said agreement by executing mutual and reciprocal wills, each bequeathing and devising all of their property to the other.

Subsequently, on March 14, 1965, Frankie Gross, the wife, died. Pursuant to the provisions of his deceased wife's will, Charles Gross received all of the real and personal property of the parties. Thereafter, Charles Gross, acting in compliance with the said oral agreement, directed his attorney to prepare his will to conform to the agreement to devise one half of the estate to his next of kin and one half of the estate to the next of kin of his decedent spouse. The will was prepared, but the said Charles Gross was prevented from executing said will by his death one day before his appointment with his attorney to execute this will.

The cause was submitted to the court for trial without the intervention of a jury. At the close of the Appellants' evidence, the Appellee rested without offering any evidence and thereafter the trial court entered judgment for the Appellee.

Subsequently, the Appellants filed their Motion for a New Trial, which said motion, omitting the caption and signature reads as follows:

"The claimants in the above entitled cause of action move the court for a new trial herein on each of the following grounds:

"1. That the decision of the court is contrary to law.

"2. Error of law occuring at the trial as follows: (1) The court erred in refusing to allow into evidence, at the request of the claimants, Exhibit #5, which was an unexecuted will the decedent Charles Gross, had requested the witness to draft.

"Memorandum.

"The decision of the Court is contrary to law by reason that the claimants have alleged and proved, by *uncontradicted evidence,* that there existed an agreement between decedent and his wife as to how they were going to dispose of their property at death; that decedent's wife fully performed her portion of the agreement and de-

cedent had partially performed his portion of the agreement, but was prevented from completing said agreement by reason of his death and that this agreement was the basis of a valid claim by claimants against the estate of the decedent."

The trial court overruled the foregoing motion and this action of the trial court is the assigned error on appeal.

First, we will dispose of the second alleged error in the foregoing motion for new trial. The Appellants failed to argue and discuss this averred error in their brief, and it is therefore deemed to be waived pursuant to Rule 2-17 (i) of the Rules of the Supreme Court of Indiana.

Concerning the Appellants' first alleged error in said motion for a new trial, it is the general rule that a negative verdict or judgment may be attacked on appeal on the specification that it is contrary to law. If the undisputed evidence entitles the one who has the burden of proof to a verdict which has been denied him, such verdict is contrary to law. However, it must appear that the evidence was without conflict and led to but one conclusion and the trial court reached an opposite conclusion, before the verdict or judgment will be set aside as being contrary to law. *Hinds, Executor of Estate of Sickels, deceased, v. McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553; *Pokraka et al. v. Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669; *Brown v. Jones* (1962), 133 Ind. App. 247, 181 N. E. 2d 258.

The Appellants assert, in substance, that all the evidence was introduced by the Claimants-Appellants; that the evidence was undisputed and uncontroverted; that under such circumstances the only reasonable inference that could be legally drawn therefrom and the law applicable thereto is that the Appellants were entitled to recover a judgment which the trial court denied them.

In reviewing the evidence in the record before us, we see that the evidence before the trial court consisted of oral testi-

mony of witnesses, both on direct and cross-examination, and certain exhibits, all of which was introduced by the Appellants herein. After reviewing the briefs and the record now before us, we are unable to determine the precise reason the trial court entered judgment for the Defendant-Appellee at the conclusion of the Claimants-Appellants' evidence, nor has the trial court's reason been pointed out to us by any of the parties to this appeal. Therefore, we must proceed to decide this appeal on the following principles.

It is apparent from the argument advanced in the Appellants' brief that they rely upon the rule set out in the case of *State ex rel Board of Medical Registration & Examination of Ind. v. Hayes* (1950), 228 Ind. 286, at page 292, 91 N. E. 2d 913, 915, wherein our Supreme Court stated as follows:

". . . that a prima facie case must always prevail in the absence of countervailing proof, or in other words, when the evidence in the record is all one way, its effect becomes a matter of law, even in favor of the plaintiff to recover."

Also, in the case of *Egbert v. Egbert et al.* (1948), 226 Ind. 346, at page 352, 80 N. E. 2d 104, 107, the Supreme Court made the following statement:

"When a plaintiff has fully sustained each of the material averments of his complaint by uncontradicted evidence, a general finding against him is contrary to law, and will compel a reversal."

However, the latest rule adopted by our Supreme Court on that subject is found in the case of *A.S.C. Corporation v. First Nat. Bank of Elwood, et al.*, (1960), 241 Ind. 19, 167 N. E. 2d 460, where we find the following statement on page 25:

"Certain early cases do say that there being no conflict in the evidence (54 Ind. 332) or in the testimony (74 Ind. 418) an Appellate Court will weigh the evidence and give it such effect as, in its judgment the trial court should have given it. However, in each of these cases it ap-

pears from the respective opinions that the evidence was without conflict and led to but one reasonable conclusion and the trial court had reached a contrary conclusion.

"Since these cases were decided, however, our appeal courts have again recognized the fact that uncontradicted evidence will sometimes support conflicting inferences, and when this is the case, the inferences drawn by the trier of facts will prevail. The rule and the reasons supporting it are ably and fully stated in *Haynes v. Brown* (1950), 120 Ind. App. 184, at pages 189-190, 88 N. E. 2d 795, 797-798, as follows:

'The fact that all of the evidence at the trial was offered by the appellant is of no significance in determining its weight. *Wilson, Admx v. Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905. The trier of the facts is not required to believe the testimony of every witness. *Soucie v. State* (1941), 218 Ind. 215, 31 N. E. 2d 1018. On the other hand, the trial court may not refuse to consider and weigh competent, uncontradicted evidence. *Egbert v. Egbert* (1948), 226 Ind. 346, 80 N. E. 2d 104 . . . And even though an item of evidence is not expressly or directly denied or refuted, it does not necessarily stand as uncontradicted evidence, for the trier may disregard or disbelieve oral evidence, if it is considered unreasonable or inconsistent with facts and circumstances shown by the other credible evidence in the case. *Wright v. Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116.

'Nor does a lack of contradiction or dispute in the evidence of itself make us the finders of the facts or justify us in substituting our judgment for that of the trial court. We can only do that when the evidence is all one way, and but one conclusion could be reached from the facts proved, *Wiggam v. Rhodes' Estate* (1931), 92 Ind. App. 491, 176 N. E. 250; *Wilson, Admx v. Rollings, supra; Pearson Co., Inc. v. Cohen et al., supra;* for uncontradicted evidence will sometimes support conflicting inferences, and when that is the case, the inferences drawn by the trier of the facts will prevail. *Gish v. St. Joseph Loan, etc., Co.,* (1918), 66 Ind. App. 500, 113 N. E. 394, *Wiggam v. Rhodes' Estate, supra; Williams v. Bent* (1949), 119 Ind. App. 374, 87 N. E. 2d 883; see also *Clayton v. Universal Construction Co.* (1942) 110 Ind. App. 322, 38 N. E. 2d 887, and *Cole v. Sheehan Construction Company* (1944), 222 Ind. 274, 53 N. E. 2d 172.'

"The reason for such rule is readily apparent, and we reaffirm both the reasoning and the conclusions as stated in the above quotation from *Haynes v. Brown, supra.*

"See also: *Wilson, Admx. v. Rollings* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905; *Cole v. Sheehan Construction Company* (1944), 222 Ind. 274, 280, 53 N. E. 2d 172; *McKee v. Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 12, 51 N. E. 2d 474; *Newton v. Cecil, supra,* (1955), 125 Ind. App. 416, 421, 124 N. E. 2d 713; *Smith et al. v. Brown et al., supra,* (1956), 126 Ind. App. 545, 555, 134 N. E. 2d 823; *E. H. Purcell & Co., Inc. v. Agricide Corp., supra,* (1956), 126 Ind. App. 476, 479, 134 N. E. 2d 233."

Our court has followed the rule as enunciated in the foregoing cases. In the case of *Calvert v. London* (1965), 137 Ind. App. 595, 210 N. E. 2d 376, at 378, Judge Smith, in speaking for this Court stated:

"The Appellant contends that therefore the decision is contrary to law because the trial court's decision is not sustained by the evidence. However, this contention is without merit in light of the rule in this jurisdiction that evidence uncontroverted is not necessarily binding on the triers of fact and may be disbelieved and given no weight. *See, A.S.C. Corp v. First National Bank of Elwood* (1960), 241 Ind. 19, 167 N. E. 2d 460; *Myers Adm. v. Wyrick* (1963), 124 Ind. App. 670, 191 N. E. 2d 107; *Neuwelt v. Roush* (1949), 119 Ind. App. 481, 85 N. E. 2d 506 *Goldberg v. Britton* (1949), 119 Ind. App. 90, 84 N. E. 2d 201. As a consequence we cannot say that the decision is contrary to law because only the appellant offered oral testimony of facts of which she had the burden of proof. The trial court was the sole judge of the credibility of the witness and he may have found that the appellant did not prove her case because he simply did not believe her testimony. This he had a right to do. The fact that the evidence was uncontroverted does not justify this court on review substituting our judgment for that of the trial court. The trial judge had the opportunity to observe the demeanor of the witness (appellant) while testifying, a factor which is intangible and which this Court did not experience. The mere fact that all of the evidence was introduced by the appellant is of no significance in determining its weight. It has been repeatedly held by this Court that this appellate tribunal will not weigh the

evidence which is exactly what the appellant is requesting us to do."

In light of the foregoing authorities, considered together with the general rule that the decision of the trial court comes to us clothed with the presumption that a correct re-result was reached and the burden is upon the Appellant to overcome that presumption (see, *Souerdike v. State of Ind.* (1952), 231 Ind. 204, 206, 108 N. E. 2d 136) we are of the opinion that the Appellants herein have not demonstrated reversible error and, therefore, the judgment of the trial court is affirmed.

Carson, C.J., Prime, J., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 239 N. E. 2d 398.