**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANTS:

**RICHARD J. L**A**SALVIA**
South Bend, Indiana



FILED
Jan 22 2015, 10:06 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BOGUNIA ELECTRIC, INC. | ) | |
| d/b/a MR. ELECTRIC and | ) | |
| STEVEN BOGUNIA, | ) | |
| | ) | |
| Appellants-Defendants/Counterplaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1405-CC-238 |
| | ) | |
| JAMES YAKYM, | ) | |
| | ) | |
| Appellee-Plaintiff/Counterdefendant. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jenny Pitts Manier, Judge
Cause No. 71D05-1302-CC-134

**January 22, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Bogunia Electric, Inc. d/b/a Mr. Electric appeals the trial court's judgment in favor of James Yakym on his complaint against it for breach of contract.[1] The trial court found that Bogunia Electric failed to provide a total house rewire as required under its contract with Yakym and that its work did not comply with the Mishawaka Electrical Code ("the Code") and was unworkmanlike. The trial court found that Yakym was entitled to recover the costs necessary to bring his home's electrical system into compliance with the Code and up to a workmanlike manner. On appeal, Bogunia Electric argues that there is no evidence in the record to support the trial court's findings that Bogunia Electric's work did not comply the Code and was unworkmanlike and that Yakym's expert witness provided the best evidence for the electrical work that needs to be done to bring the house into compliance with the Code and to a workmanlike standard. It also asserts that Yakym did not suffer any damages.

We conclude that the trial court's findings are supported by evidence in the record. We are also unpersuaded by Bogunia Electric's argument that Yakym did not suffer damages. Accordingly, we affirm.

---

[1] Pursuant to Indiana Appellate Rule 17(A), a party of record in the trial court shall be a party on appeal. In the notice of appeal, both Bogunia Electric and Steven Bogunia were named as appealing parties and attorney Richard LaSalvia failed to specify for whom he was filing an appearance. However, the trial court found that Steven Bogunia was not personally liable to Yakym, and the appellant's brief appears to be written on behalf of Bogunia Electric only.

**Facts and Procedural History**

Yakym owns a home in Mishawaka. Steven Bogunia is a certified electrical contractor who does business in Indiana and Michigan. Bogunia conducts his business through Bogunia Electric, which uses the assumed name "Mr. Electric." In August 2012, Yakym contacted Bogunia Electric to obtain an estimate for electrical work to his home. A representative from Bogunia Electric visited Yakym's home, and Yakym showed him the work he wanted done. Bogunia Electric subsequently sent Yakym a two-page proposal ("the Proposal"). Page one of the Proposal set forth a summary of the work to be performed and an estimated price for that work. The work to be performed was described as follows: "Replace 100 A main breaker panel with new 100 main breaker panel[,] [g]round and bond electrical service per code[, and] trace down bathroom circuits and rewire to eliminate knob and tube." Plaintiff's Ex. 2. The estimated total cost for the work was $10,811.84. Page two provided a room-by-room description of the electrical work to be completed.

Yakym decided that he wanted to upgrade his electrical service from 100 to 200 amps. Bogunia sent Yakym an email stating that Bogunia Electric "agreed to upgrade to 200 [amp] service for the 100 [amp] [Proposal] price," and that "[a]ll the numbers are exactly as listed in the original [Proposal]." Plaintiff's Ex. 5. Yakym signed a one-page document ("the Authorization") that authorized Bogunia Electric to bill Yakym's credit card. The Authorization constitutes the contract between the parties. Plaintiff's Ex. 4; Defendants' Ex. B. The Authorization does not expressly incorporate the Proposal by reference. The

3

Authorization describes the recommended repairs as "1- Replace 100A main breaker panel with new 200A main breaker panel[,] 2 - Ground and bond service to code[, and] 3 - Trace down bathroom circuits and rewire to eliminate knob and tube." *Id*. Below that, the Authorization lists specific tasks and provides the cost for each task as follows:

| | |
|---|---|
| 200 AMP Main Breaker | 1,008.40 |
| GROUND ELECTRICAL SERVICE | 430.09 |
| Rewire house and eliminate knob and tube. New devices. | 11,175.49 |
| 1 YEAR PLAN | 89.95 |
| ADV PLAN DISCOUNT | -1,892.09 |

*Id*. The total cost was $10,811.84. *Id*.

In October 2012, Bogunia Electric began electrical work on Yakym's house. During November and December 2012, Mishawaka electrical inspector Les Villanueva visually inspected Yakym's house three times to determine whether the electrical work performed by Bogunia Electric complied with the Code. After the first two inspections, Villanueva determined that work still needed to be done to bring the electrical system in compliance with the Code. On his third visual inspection, Villanueva determined that the home's electrical system was in compliance with the Code and issued a letter stating, "The house has been upgraded to a 200 amp service and its wiring, according to all visible evidence, is in good working order. The system does meet the present requirements of the [Code]." Defendants' Ex. J. By this time, Yakym had paid $6811.84 to Bogunia Electric under the contract.

In February 2013, Yakym filed a complaint against Bogunia Electric and Steven Bogunia, alleging that (1) they failed to perform the work as promised in the Authorization; (2) they failed to perform the work in a good and workmanlike manner and the work did not

4

meet the Code's requirements; (3) the Authorization did not comply with the requirements of the Home Improvement Contracts Act ("the Act") and constituted a deceptive act; (4) as a result of their failure to perform the work and their deceptive acts, he had been damaged in excess of $20,000; and (5) he was entitled to treble damages under the Act because defendants' deceptive acts were part of a scheme, artifice, or device with intent to defraud or mislead. Appellant's App. at 13-14. Yakym also asked for attorney fees and costs. Bogunia Electric filed a counterclaim against Yakym alleging that he failed to pay the full contract amount and owed $4000 under the contract.

A bench trial was held. Yakym introduced the testimony of expert witness Thomas E. McCormick, a licensed electrician and owner of McCormick Electrical Services. McCormick had inspected Yakym's home and determined that twenty-nine areas in Yakym's electrical system did not comply with the Code. McCormick prepared a report ("McCormick's Report") identifying the electrical work that was needed to bring Yakym's electrical system in compliance with the Code and up to a workmanlike standard. Plaintiff's Ex. 1. The cost for this work was $19,013.15. McCormick's Report included the following statement: "The Electrical Inspector of the City of Mishawaka would be the 'Authority having Jurisdiction' and the final interpretation in regard to these and possibly other concerns with [the] residence in the City of Mishawaka." *Id.* On cross-examination, McCormick testified that "the ultimate authority" as to whether Yakym's electrical system complied with the Code was the "City of Mishawaka inspection." Tr. at 24. McCormick was also asked, "[I]f the City of

5

Mishawaka approved Mr. Bogunia's work that … take[s] precedence over your opinion; correct?" *Id*. McCormick answered, "That would take precedence at that point, yes." *Id*.

On behalf of Bogunia Electric, Villanueva testified regarding his three inspections of Yakym's home and his final decision that the electrical system complied with the Code. Villanueva considered each item in McCormick's Report and testified that three of them were not required by the Code.[2] *Id*. at 115-19. He also testified that his visual inspection would not have revealed ten of the items and admitted that he could have missed some items. *Id*.

The trial court issued a judgment, concluding that (1) Yakym reasonably understood the parties' contract to provide a "whole house rewire"; (2) Bogunia Electric did not provide a "whole house rewire," as the parties' contract provides; (3) the Authorization is not in compliance with the Home Improvement Contracts Act and is a deceptive act; (4) the electrical work performed by Bogunia Electric did not comply with the Code and was done in an unworkmanlike manner; (5) Yakym is entitled to recover the cost of what is necessary to bring the work into compliance with the Code and up to a workmanlike standard; (6) Yakym failed to prove that Bogunia's or Bogunia Electric's actions were part of a scheme, artifice, or device with intent to defraud or mislead such as to merit the award of treble damages; (7) Yakym is entitled to recover attorney fees and court costs; (8) Yakym failed to prove that he is entitled to recover against Bogunia personally; and (9) Bogunia Electric failed to prove

---

[2] Bogunia Electric asserts that Villanueva testified that most of the work recommended by McCormick was not required by the City of Mishawaka, citing the transcript at pages 119-20. Appellant's Br. at 9. This is a wholly inaccurate summary of Villanueva's testimony. *See* Tr. at 115-19.

that it is entitled to recover on its counterclaim. Appellant's App. at 10-12. The trial court entered judgment in favor of Yakym in the amount of $19,013.15 based on McCormick's Report, plus attorney fees of $4725.80, for a total judgment of $23,288.97 plus court costs. Bogunia Electric appeals.

## Discussion and Decision

### Standard of Review

Our standard of review is affected by Yakym's failure to submit an appellee's brief.

> In such a situation, we do not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish prima facie error. Prima facie is defined in this context as at first sight, on first appearance, or on the face of it. The purpose of this rule is not to benefit the appellant. Rather, it is intended to relieve this court of the burden of controverting the arguments advanced for reversal where that burden rests with the appellee. Where an appellant is unable to meet that burden, we will affirm.

*State Farm Ins. v. Freeman*, 847 N.E.2d 1047, 1048 (Ind. Ct. App. 2006) (citations and quotation marks omitted).

Here, the trial court sua sponte issued findings of fact and conclusions thereon, which we review by evaluating (1) whether the evidence supports the findings and (2) whether the findings support the judgment. *Cyr v. J. Yoder, Inc.*, 762 N.E.2d 148, 15 (Ind. Ct. App. 2002). We will set aside the trial court's findings and judgment only if they are clearly erroneous. *Hopper Res., Inc. v. Webster*, 878 N.E.2d 418, 422 (Ind. Ct. App. 2007), *trans. denied* (2008). Findings of fact are clearly erroneous when the record contains no facts to support them either directly or by inference, and a judgment is clearly erroneous if it is

7

unsupported by the findings of fact and the conclusions that rely upon those findings. *Bussing v. Ind. Dep't of Transp.*, 779 N.E.2d 98, 102 (Ind. Ct. App. 2002), *trans. denied* (2003). "The specific findings control only as to issues they cover, while a general judgment standard applies to any issue upon which the trial court has not entered findings." *Cyr*, 762 N.E.2d at 150. Additionally, in reviewing the findings and judgment entered by the trial court, we will not reweigh the evidence or assess witness credibility and will consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom. *Id.*

### Section 1 – The trial court's findings that Bogunia Electric's work did not comply with the Code and was unworkmanlike and that McCormick's Report is the best evidence for the necessary electrical work are not clearly erroneous.

In relevant part, the trial court found as follows:

> The work performed by Bogunia Electric does not meet all requirements of the Mishawaka Electrical Code, notwithstanding the fact that the work passed inspection and is in many material aspects unworkmanlike.

> The proposal from McCormick Electric as to what was necessary to bring the Home up to code and all electrical systems repaired to a workmanlike standard is the best evidence of the work necessary to and the cost of a "whole house re-wire."

> Yakym is entitled to recover the cost of what is necessary to bring the work that was performed into compliance with the Mishawaka Electrical Code and a workmanlike condition.

Appellant's App. at 11.

Bogunia Electric asserts that there is no evidence that its work did not comply with the Code or that McCormick's Report is the best evidence of the work necessary to bring its work into compliance with the Code, and therefore the conclusion that Yakym is entitled to recover the amount necessary to bring the work into compliance with the Code is

8

unsupported by any findings. According to Bogunia Electric, although McCormick provided evidence that its work did not comply with the Code, he nevertheless testified that the Mishawaka electrical inspector's decision was the final authority on the matter and would take precedence over McCormick's opinion. Further, Villanueva, in his capacity as Mishawaka electrical inspector, concluded that Bogunia Electric's work complied with the Code. In other words, because McCormick testified that the Mishawaka electrical inspector's decision was the final authority on the matter, McCormick's testimony and his Report cannot support the trial court's finding that the electrical work did not comply with the Code and that his Report is the best evidence of the work that is necessary. We disagree.

McCormick's testimony that the Mishawaka electrical inspector's decision was the final authority referred to the inspector's authority as representative of the City of Mishawaka to officially approve electrical work as in compliance with the Code. However, in a court of law, a factfinder is not bound to accept the Mishawaka electrical inspector's opinion as fact. "The trier of the facts is not required to believe the testimony of every witness." *Jones v. First Nat'l Bank*, 143 Ind. App. 243, 248, 239 N.E.2d 398, 401 (1968). "Doctors and other expert witnesses are not oracles whose opinions, once stated, cannot be questioned or refuted by other evidence." *Walker v. Cuppett*, 808 N.E.2d 85, 95 (Ind. Ct. App. 2004).

> "There is, generally speaking, no rule of law which requires controlling effect or influence to be given to, and the court and jury are not required to accept in the place of their own judgments, the opinion testimony of expert witnesses, merely because of the special knowledge of the witnesses concerning the matters upon which they give their testimony. Expert opinions are not ordinarily conclusive in the sense that they must be accepted as true on the subject of their testimony, but are generally regarded as purely advisory in character; the jury may place whatever weight they choose upon such

9

testimony and may reject it, if they find that it is inconsistent with the facts in the case or otherwise unreasonable. The weight given to expert testimony is for the trier of the facts, who is not required to give it controlling influence."

*Ferdinand Furniture Co. v. Anderson*, 399 N.E.2d 799, 807 (Ind. Ct. App. 1980) (quoting 31 AM. JUR. 2D *Expert and Opinion Evidence* § 183 (1967)). The *Ferdinand* court also noted,

The evidence of an expert witness is to be received by the Court or jury trying the cause under the same rules and in the same manner that evidence of other witnesses is received and must be weighed by the trier of facts, the same as other evidence is weighed; the trier of facts is not bound by an expert's opinion.

*Id.*

We observe that even though an electrical inspector in the exercise of his official duties has the authority to approve electrical work as compliant with the Code, having that authority does not mean that an inspector is never mistaken, and it certainly does not mean that a factfinder in a court of law is required to accept the inspector's approval as conclusive proof that electrical work is in fact compliant with the Code. Put another way, the electrical inspector's power outside a court of law does not dictate whether the factfinder must accept the inspector's opinion as dispositive. Accordingly, we conclude that the findings that Bogunia Electric's work did not comply with the Code and was unworkmanlike and that McCormick's Report is the best evidence of the work that needs to be done are supported by evidence in the record. Because the findings are not clearly erroneous, the conclusion that Yakym is entitled to recover damages based on the findings is also not clearly erroneous.

**Section 2 – Yakym suffered damages for breach of contract.**

Bogunia Electric contends that even if it breached the contract, Yakym did not suffer any damages. "It is axiomatic that a party injured by a breach of contract may recover the benefit of its bargain but is limited in its recovery to the loss actually suffered." *L.H. Controls, Inc. v. Custom Conveyor, Inc.*, 974 N.E.2d 1031, 1043 (Ind. Ct. App. 2012). "Generally, the measure of damages for breach of contract is either such damages as may fairly and reasonably be considered as arising naturally from the breach itself, or as may be reasonably supposed to have been within the contemplation of the parties at the time they entered into the contract as a probable result of the breach." *Fairfield Dev., Inc. v. Georgetown Woods Sr. Apts., LP*, 768 N.E.2d 463, 473 (Ind. Ct. App. 2002), *trans. denied*. A party injured by a breach of contract may not be placed in a better position than he or she would have enjoyed if the breach had not occurred. *Farah, LLC v. Architura Corp.*, 952 N.E.2d 328, 337 (Ind. Ct. App. 2011).

Specifically, Bogunia Electric argues that McCormick testified that rewiring the whole house would cost almost $20,000 and Yakym paid Bogunia Electric $6811.84, and therefore Yakym did not suffer any damages because the money he paid under the contract "did not pay for a total home re-wire, *whether or not the parties agreed to that*." Appellant's Br. at 10 (emphasis added). The trial court found that the parties' contract was for a "whole house rewire" and that Bogunia Electric failed to provide it. Appellant's App. at 10. Simply put, Yakym bargained for a whole-house rewire, but Bogunia Electric's argument would deny him the benefit of his bargain. We are unpersuaded by Bogunia Electric's argument that

Yakym did not suffer damages.[3]  Based on the foregoing, we affirm the trial court's judgment.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.

---

[3] Bogunia Electric presents three additional arguments that are based on the premise that it performed its obligations under the contract.  Given that Bogunia Electric does not challenge the trial court's finding that it failed to provide a whole-house rewire as required under the contract and that we have concluded that the trial court did not err in finding that Bogunia Electric's work did not comply with the Code and was unworkmanlike, we need not address these arguments.