PEARSON CO., INC. *v.* COHEN ET AL.

[No. 17,808.   Filed January 19, 1949.]

*Taylor, Kurrie, & Quinn, and Barnes, Hickam, Pantzer & Boyd,* of counsel, and *Thompson Kurrie, Alan W. Boyd, and Robert S. Ashby,* all of Indianapolis, attorneys for appellant.

*Isidore Feibleman, Julian Bamberger, and Charles B. Feibleman,* all of Indianapolis, attorneys for appellees.

DRAPER, J.—The appellant brought this action to enjoin the maintenance by appellee of a certain sign, and to prohibit the use of the word "Furniture" in appellee's advertising, in such manner as to interfere with appellant's business. The trial court found for the appellee and denied any relief. This appeal followed.

The appellant corporation operates several stores in the city of Indianapolis. Among them is the Hoosier Outfitting Company, by which name the appellant will be referred to. The appellee is a partnership trading under the name and style of Hoosier Paint and Linoleum Company.

Hoosier Outfitting Company commenced business under that name in September, 1938, at 237 E. Washington Street, in Indianapolis. It then carried and still carries a complete line of furniture. Hoosier Paint and Linoleum Company commenced business under that name in October, 1938, at 211 E. Washington Street. It then sold paint and linoleum. Between October, 1938, and July, 1943, the appellee purchased the building at 211 E. Washington Street, which it first occupied under lease, and the two buildings adjoining it to the east. The three buildings were later remodeled so as to make one large store room, and to make the second and third floors of the three buildings available for use in connection therewith, and an elevator

was installed. The remodeling was completed in December, 1945.

The appellant purchased 219 E. Washington in July, 1943, and moved to that location, which is a few doors west of its previous location. Thus, by physical expansion on the part of appellee two doors to the east, and the move made by appellant three doors to the west, the parties became next door neighbors.

The appellant continued its furniture business, which included linoleum, as before. During 1945 paint and linoleum were in short supply, and the appellee gradually added furniture and appliances to its line; but the "big opening" of appellee's furniture department took place in May, 1946. Since then the appellee has carried a full line of furniture along with paint and linoleum.

Appellee ordered the sign complained of in October, 1945. Installation was completed in March, 1946. It is known technically as a double face sign. Running vertically, the words "Furniture-Radios-Rugs" appear side by side. Underneath, in smaller letters running horizontally, are the words "Hoosier Paint and Linoleum Co." and underneath that an arrow with the word "Entrance." The appellant ordered its sign in November, 1945. It was hung in June, 1946. It is known technically as a "V" shape sign. Running vertically the word "Hoosier" appears in large letters. Underneath, in smaller letters running horizontally are the words "Furniture-Appliances-Radios" one under the other. Both signs hang over the sidewalk. Appellant has a black glass-block front. Appellee's front is painted a fiery vermillion red. In large letters the words "Hoosier Outfitting Co." appear across the front of appellant's premises. In still larger letters the words "Hoosier Paint & Linoleum Co." appear twice across the

front of appellee's premises. Photographs reveal the fact that the two store fronts are entirely dissimilar in appearance.

The appellant carried the slogan "Big Store with the Black Marble Front" in its advertising. Appellee's advertising exhorted the public to "Look for the store with the big red front." It appears that in the face of generally better business in the furniture line, appellant's business fell off in 1946. It further appears that some of appellee's customers have gotten into appellant's store; some mail has been misdelivered; phone calls have been misdirected; and time-payment customers have entered the wrong store to make payments. About 25% of appellee's business results from the sale of furniture. The general location has become somewhat of a furniture center. Newly located stores somewhat further away might account for a falling off in appellant's business. The appellee habitually displays furniture in the east window of its store, that being the window alongside appellant's west display window.

Based on the evidence as above condensed and a personal inspection of the premises, the trial court denied appellant (plaintiff) any relief. Thus the appellant is confronted with a finding against it which is negative in character. And so we are not only denied the right to weigh the evidence—we are also without authority to reverse unless the evidence, as construed most favorably to the appellee, entitled the appellant to relief which was denied. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Wadler* v. *Mogul Rubber Corporation* (1945), 116 Ind. App. 152, 61 N. E. 2d 472; *Scoopmire* v. *Taflinger* (1944), 114 Ind. App. 419, 52 N. E. 2d 728.

The word "Hoosier" is very popular in Indiana as

the first word of the name of companies dealing in every conceivable commodity. Standing alone, the names "Hoosier Outfitting Company" and "Hoosier Paint & Linoleum Company" are not in our opinion confusingly similar. Granting that certain legal advantages flow to the appellant as the senior user of the word "Hoosier" as a part of the name adopted and used by it in connection with its furniture business, the appellant is still not entitled to monopolize the furniture business in Indianapolis or in any city block thereof. It is in a competitive field and cannot complain if competition is not unfair. Whether the competition being furnished by the appellee is unfair in the particulars alleged, or, more specifically in this case, whether the appellee by the conduct complained of is passing off its business as plaintiff's business, is primarily a question of fact. *Hartzler* v. *Goshen, etc., Ladder Co.* (1914), 55 Ind. App. 455, 104 N. E. 34; *Deister Concentrator Co.* v. *Deister Mach. Co.* (1916), 63 Ind. App. 412, 112 N. E. 906, 114 N. E. 485; *Magazine Publishers* v. *Ziff-Davis Pub. Co.* (1945), 147 F. 2d 182.

That question has been determined. We cannot agree with appellant that the question of unfair competition is one of law in this case because the facts are uncontradicted. The trial court personally viewed the premises. There is some contradiction in the evidence, and the evidence is such that different inferences might be drawn from it. For example, the evidence of confusion in the minds of some of appellee's customers with regard to the identity of the stores is not contradicted. Assuming that some of appellant's customers were also confused, it was still for the trial court to determine, under all the evidence, whether that confusion was the natural result of the

proximity of the stores, considering the volume of business transacted and the type of customers who dealt there, or was attributable, in whole or in part, to other circumstances. In any event, a lack of contradiction or dispute in the evidence would not of itself make of us the finders of the facts and justify us in substituting our judgment for that of the trial court. We can only do that when the evidence is all one way, and *but one conclusion could be reached* from the facts proved. *Wiggam* v. *Rhodes' Estate* (1931), 92 Ind. App. 491, 176 N. E. 250; *Wilson, Admx.* v. *Rollings, supra.*

In our opinion the evidence was not such that only a conclusion favorable to the appellant could be reached. On the contrary, we are of the opinion that the evidence sustains the decision of the trial court. The appellee is, therefore, entitled to have the judgment affirmed.

Other questions were ably briefed and argued but we do not reach them.

Judgment affirmed.

Royse, P. J., not participating.

NOTE.—Reported in 83 N. E. 2d 433.