RADER *v.* DERBY

[No. 17,874.   Filed January 25, 1950.   Rehearing denied February 24, 1950.   Transfer denied March 29, 1950.]

204

Draper, C. J., not participating.

*Russell J. Wildman*, of Peru, *Stevenson & Kendall*, of Danville, and *Lockwood, Goldsmith & Galt*, of Indianapolis, for appellant.

*O. F. Rhodes* and *R. M. Rhodes*, both of Peru, for appellee.

MARTIN, P. J.—The appellant brought this action against the appellee for an injunction and damages for unfair competition as a result of the appellee's manufacturing and sale of what is commonly known as a paddle, which paddles so manufactured by the appellee were practically the same size and dimensions as the paddles which had been manufactured and distributed by the appellant and his predecessors. Said action is based upon the theory that on account of the long period of usage by the appellant of the design of the staggered letters on the appellant's paddle, the size, shape and dimensions thereof, said appellant is entitled to the unrestricted use of that particular type and style of paddle.

The findings of the trial court in this case are as follows:

" . . . . Said cause having been tried and taken under advisement by said court, the court now finds that the paddle manufactured by the plaintiff has been in common use for a great number of years; that it is not a patentable article and under

no rule of law could the manufacture and use of such article be restrained; that there are all sizes and shapes of paddles made by this firm and the same sizes and same shape is not a matter for judicial review; that there has been some confusion in the business transactions between said plaintiff and defendant but that the evidence does not disclose any act or statement of the defendant which would unnecessarily increase the confusion; that said Old Hickory Paddle Company never notified their prospective purchasers that Mr. Derby was no longer representing them and was selling his own product; that the term 'King of Swing' was the personal property of the defendant and was never used by the Old Hickory Paddle Company, plaintiff herein, or any of its representatives other than Mr. Derby; that the staggered letters and other words and insignia on said paddles manufactured by the plaintiff were so placed there in the manner and form as ordered by the purchasers of said paddles and not as directed by the plaintiff herein; that the plaintiff herein is not entitled to the sole right and use of the staggered Greek letters as stamped on the paddles manufactured by the plaintiff herein; that the plaintiff company has manufactured said paddles with the staggered Greek letters for some period of twenty years or more; that the plaintiff is not entitled to any damages; that said defendant should be enjoined from in any manner, either directly or indirectly, representing himself as a representative of the Old Hickory Paddle Company or his product as the product of the Old Hickory Paddle Company, and that he should be restrained from using any advertisement, card or other device, in which the words, 'Old Hickory' or 'Old Hickory Paddle Company' appear and that he further be restrained from using a circle around the hole in the paddle for any purpose; that the defendant pay the costs of this action...."

Judgment was entered accordingly.

The error assigned for reversal is that the court erred in overruling appellant's motion for new trial.

The questions presented in the motion for new trial are:

1. The decision of the court is not sustained by sufficient evidence.
2. The decision of the court is contrary to law.
3. Error of law occuring at the trial and excepted to by said plaintiff herein.

The appellant is confronted with the finding in part against it, which is negative in character. And so, we are without authority to reverse unless the evidence, as construed most favorably to the appellee, entitled the appellant to relief which was denied. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Wadler* v. *Mogul Rubber Corporation* (1945), 116 Ind. App. 152, 61 N. E. 2d 472; *Scoopmire* v. *Taflinger* (1944), 114 Ind. App. 419, 52 N. E. 2d 728; *Pearson Co.* v. *Cohen* (1949), 118 Ind. App. 699, 83 N. E. 2d 433.

Unfair competition is always a question of fact. The question to be determined in every case is whether or not, as a matter of fact, the name or mark used by defendant has previously come to indicate and designate plaintiff's goods, or, to state it another way, whether defendant, as a matter of fact, by his conduct is passing off his goods as plaintiff's goods, or his business as plaintiff's business. *Hartzler* v. *Goshen, etc., Ladder Co.* (1914), 55 Ind. App. 455; 104 N. E. 34; *Deister Concentrator Co.* v. *Deister Machine Co.* (1916), 63 Ind. App. 412, 112 N. E. 906, 114 N. E. 485; *Magazine Publishers* v. *Ziff-Davis Pub. Co.* (1945), 147 F. 2d 182; *Pearson* v. *Cohen, supra.* That question has been determined by the trial court.

The appellant claims exclusive usage to the size and shape of the paddle in question and especially to the right to use the staggered Greek burned in lettering.

The evidence shows that this appellant and his predecessor "Old Hickory Paddle Company" manufactured, sold, and distributed fraternity paddles to college fraternities and sororities for more than twenty years; that the appellee also manufactured, sold, and distributed fraternity paddles to college fraternities and sororities. The paddles in question are approximately the same size and shape. The appellant's paddle has two circles at the top of handle part with a hole in the center through which was a thong. Within the circle next to the hole it has the following lettering, "Old Hickory Trademark." Within the other circle it has the following lettering "Old Hickory Paddle Co., Danville, Ind."

The appellee's paddle has one circle at the top or handle part with a hole in the center through which was a thong. Within the circle it has the following lettering "King of Swing, Bunker Hill, Ind."

The trial court found that the staggered Greek letters and other words and insignias on said paddles manufactured by the appellant were so placed there in the manner and form as ordered by the purchasers of said respective paddles. There is not a particular letter or set of staggered Greek letters, or a particular symbol involved herein. It may be any one letter or more of the Greek alphabet that are ordered by the purchasers of the paddles, said Greek letter or letters to be burned on the paddles in a staggered arrangement.

It is our opinion there is nothing definite and certain that could be protected pertaining to the Greek letters without giving a monopoly to the appellant of the whole Greek alphabet, and the law does not recognize a monopoly of the Greek alphabet. In *William Stevens (Limited)* v. *Casell and Co. (Limited)* (1913), 29 Times L. R. (Eng.) 272, 273, 30 Rep. Pat. Cas. 199, 203, it was said, "It is a matter of importance

to protect a trader from any unfair attempt to take advantage of the reputation he has acquired for his goods or in his business. But it is equally important to protect his Majesty's subjects in their use of the English language, and the law does not recognize a monopoly of the King's English."

No question of appellant's rights pertaining to the imitation of style of wrapper or color of box or the label or the similarity of names, nor is a trade-name duplicated by the rival involved herein. The questions presented are as to the extent of the rights of one person to appropriate to the exclusion of others the elements of a mechanical construction and the limitation of the right of one person to manufacture an article like that of another manufacturer.

In *Marvel Co.* v. *Pearl* (1904), 133 Fed. 160, 161, 66 C. C. A. 226, 227, it was said:

"In the absence of protection by patent, no person can monopolize or appropriate to the exclusion of others elements of mechanical construction which are essential to the successful practical operation of a manufacture, or which primarily serve to promote its efficiency for the purpose to which it is devoted. Unfair competition is not established by proof of similarity in form, dimensions, or general appearance alone. Where such similarity consists in constructions common to or characteristic of the articles in question, and especially where it appears to result from an effort to comply with the physical requirements essential to commercial success, and not to be designed to misrepresent the origin of such articles, the doctrine of unfair competition cannot be successfully invoked to abridge the freedom of trade competition. The enforcement of such claim would permit unfair appropriation, and deny the exercise of the right of fair competition."

In *Harvey Hubbell, Inc.* v. *General Electric Co.* (1919), 262 Fed. 155 at page 160 it was said:

"No court has ever gone to the extent of permitting the establishment of a monopoly of proportions or measurements, in the absence of some patent protection. To do so would be practically to engross the particular business. Distinguishing marks may be adopted to denote the origin of production, or some peculiar method of distinguishing goods, and thus secure the benefit of good reputation which it has acquired from such use or practice. The public have the right to make separable plugs, and, from the nature of the requirements, they must have a resemblance in form, dimensions, and appearance. No one should have the exclusive privilege of selecting measurements, even though arbitrarily selected, and thus establish a particular spacing of the contacts to the exclusion of others. To do so would be to stifle competition.

"The plaintiff here does not rest upon the adoption of special characteristics of any kind, but of features which pertain to the article made and sold. Nor is this in conflict with the now well-established rule that, if an article has a leading and striking characteristic, which characteristic is designedly given by its maker, and advertised and exploited, and afterward recognized, particularly by purchasers, because of such characteristic, the right to make and use the characteristic can be protected by an action, if an imitation is perpetrated. This rule finds its support in what is referred to in the cases as nonfunctional unfair competition. It presupposes that the appearance of the article, like its descriptive title, has a secondary meaning, and has been associated in the public mind with the first comer as a manufacturer

or source, and if a second comer imitates the article exactly, so that the public will believe his goods have come from the first and will buy, in part at least, because of that deception, the court will enjoin the second comer. *Crescent Tool Co.* v. *Kilborn & Bishop Co.*, 247 Fed. 299, 159 C. C. A. 393. In this case it was said:

'The defendant has as much right to copy the "nonfunctional" features of the article as any others, so long as they have not become associated with the plaintiff as manufacturer or source. The critical question of fact at the outset always is whether the public is moved in any degree to buy the article because of its source and what are the features by which it distinguishes that source.' "

"§ 73. Acquisition; Elements, Requisites, and Factors.—Words or symbols used in connection with one's goods, services, or business, or physical attributes of goods, not originally appropriable as a technical trademark or a tradename, are deemed to have acquired a secondary meaning when they have become associated in the minds of purchasers or customers with the source or origin of goods or services rather than with the goods or services themselves. As stated by some authorities, the test of secondary meaning is whether the name or mark has become broadly known to the public as denoting a product of certain origin. In determining the question, various elements are to be considered, including length of use of the name or mark in question, the nature and extent of popularizing and advertising such name or mark, and the efforts toward promoting a conscious connection in the minds of the public of that name or mark with a particular product." 52 Am. Jur., Trademarks, Tradenames, etc., § 73, p. 555.

It is our opinion that the finding of the trial court does not bring this case within the well established doctrine of secondary meaning.

It is our opinion that appellant has no exclusive right to manufacture paddles. The appellee's paddles are plainly. marked, so that any reasonably intelligent purchaser can easily discern the manufacturer of said paddles.

The appellant contends that the court erred in his ruling, refusing the plaintiff's Exhibit "G" in evidence and sustaining of appellee's objection. Counsel for appellant says the reason for offering said Exhibit "G" in evidence "only as something indicating confusion as to who represented Old Hickory Paddle Company."

The court found there had been some confusion in the business transactions between appellant and appellee and enjoined the appellee in any manner, either directly or indirectly, representing himself as a representative of the Old Hickory Paddle Company or his product as the product of the Old Hickory Paddle Company and restrained him from using any advertisement, card or other device, in which the words, "Old Hickory" or "Old Hickory Paddle Company" appear. Therefore the appellant was not prejudiced by the trial court's ruling. *Perkins et al.* v. *Haywood* (1890), 124 Ind. 445, 24 N. E. 1033; *Cleveland, Columbus, Cincinnati, and Indianapolis Railway Co.* v. *Closser et al.* (1890), 126 Ind. 348, 26 N. E. 159.

There was sufficient evidence to sustain the findings of the court and the decision is not contrary to law. The court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.

Draper, C. J., not participating.

NOTE.—Reported in 89 N. E. 2d 724.